NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-3684

———————

SHORE POINT DISTRIBUTING COMPANY,

Appellant

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 701

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-17-cv-01950)
District Judge: Honorable Peter G. Sheridan

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 7, 2019

Before: AMBRO, RESTREPO, and GREENBERG, Circuit Judges

(Opinion filed March 13, 2019)

———————

OPINION*

———————

AMBRO, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

This appeal concerns whether we have jurisdiction to review the District Court's order directing parties back to arbitration so that the arbitrator may clarify how to calculate the award. We do not. The Court denied Shore Point's motion to vacate the award because it concluded that the arbitration was incomplete and the "best strategy" was to order the parties back to arbitration. Because this was an interlocutory order "directing arbitration to proceed," we lack jurisdiction over Shore Point's appeal. 9 U.S.C. § 16(b). It must be dismissed.

Shore Point, a New Jersey beer and beverage distributor, instituted a night-loading policy that provided new benefits to night-shift employees but did not extend those benefits to day-shift employees. The union representing Shore Point's employees objected on the ground that the policy violated its collective bargaining agreement (CBA). The parties agreed to submit to an arbitration hearing, whose purpose was to determine whether the policy violated the CBA and, if so, what should be the remedy.

The arbitrator concluded the policy did violate the CBA, and so the company had to reimburse both day and night-shift employees the difference between the company's overtime wages and what each employee received during the policy period.[1] The arbitrator then urged the parties to sort out how the award should be calculated. Parties could submit competing methodologies to the arbitrator, and the arbitrator stated that it

---

[1] The exact wording of the arbitrator's remedy required Shore Point "to add the night shift warehouse workers' total overtime weekly earnings, divide the sum by the number of workers each week to obtain an overtime weekly average, and pay each worker the difference between what each received and the overtime weekly average, from the date of the implementation of the new night loading procedure until the date of this award, and to use the same formula for the day shift warehouse workers." App. at 76.

2

retained jurisdiction over "any issues that arise in the implementation of this Award." App. at 76.

The parties could not agree on the correct methodology. The union submitted a proposal, which Shore Point disputed. It claimed an arbitration hearing was needed to sort out the methodology. But the company also filed a motion with the District Court to vacate the arbitration award, arguing that it was final and went beyond the issue the parties agreed to resolve in arbitration.

The Court disagreed and found the arbitration process incomplete. It observed that the "exact amount awarded to each such employee could be subject to certain vagrancies" and that "[e]ven reasonable people could interpret that language differently." *Id.* at 7. For this reason, it remanded the case back to the arbitrator to resolve how the award should be calculated.

Shore Point appeals, arguing that the award was final and that the District Court erred by remanding to an arbitrator who has no further powers to affect the arbitration award without the parties' consent.

We begin by determining whether the District Court had jurisdiction over the case and whether we have appellate jurisdiction. The District Court had jurisdiction because the "complete arbitration rule," which instructs courts not to rule on post-arbitration motions until arbitration is complete, is a prudential rather than jurisdictional requirement. *Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio & Mach. Workers of Am., Local 610*, 900 F.2d 608, 609 (3d Cir. 1990).

We lack jurisdiction.  Shore Point asks us to review an order that sent parties back to an arbitration that had already begun.  A court of appeals may not consider an appeal from an interlocutory order directing arbitration to proceed.  9 U.S.C. § 16(b)(2).  Unlike in *Union Switch*, where we had jurisdiction under 9 U.S.C. § 16(a)(1)(C) to hear an appeal from an order that declined to compel arbitration, we have no jurisdiction here.

Thus we dismiss Shore Point's appeal.